UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CAL DIVE INTERNATIONAL, INC.,**                               **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                                        **No. 11-1657**

**KERRI GRANT,**                                                         **SECTION "E"**
    **Defendant**

## ORDER AND REASONS

Before the Court are two motions: (1) plaintiff-in-declaratory judgment Cal Dive International, Inc.'s[1] ("Cal Dive") supplemental motion for summary judgment;[2] and (2) defendant-in-counterclaim Kerri Grant's[3] ("Grant") motion to reconsider[4] a September 12, 2012 Order and Reasons[5] (the "September 12 Order") in which the Court granted in part and denied in part Cal Dive's first motion for summary judgment. For the reasons set forth below, Cal Dive's supplemental motion for summary judgment is denied, Grant's motion for reconsideration is granted, and the September 12 Order is vacated.

## THE SEPTEMBER 12 ORDER

In Cal Dive's first motion for summary judgment,[6] it argued it was entitled to summary judgment on its maintenance and cure obligation to Grant for injuries Grant

---

[1] Cal Dive is also a defendant-in-counterclaim. *See* R. Doc. 14 (Grant's Counterclaim); R. Doc. 15 (Cal Dive's Answer to Grant's Counterclaim).

[2] R. Doc. 82.

[3] Grant is also a plaintiff-in-counterclaim. *See* R. Doc. 14; R. Doc. 15.

[4] R. Doc. 87.

[5] R. Doc. 72.

[6] R. Doc. 21.

1

suffered onboard Cal Dive's vessel in September 2010 to her neck, wrist, and lower back.[7] Cal Dive asserted Grant intentionally withheld information about her medical history[8] when she applied for her job as a cook with Cal Dive in March 2008, and that, if Cal Dive had known of that history, such information would have materially affected its decision to hire her. As a result, Cal Dive argued Grant forfeited her right to maintenance and cure benefits for those injuries as a matter of law.

In the September 12 Order, the Court held that Cal Dive was entitled to summary judgment on the issue of its maintenance and cure obligation to Grant for her neck and wrist injuries.[9] The Court found Grant's failure to disclose prior injuries to those body parts was objectively intentional, that those non-disclosed injuries were material, and there was a causal connection between the non-disclosed injuries and the injuries complained of in this lawsuit. As a result, the Court agreed with Cal Dive and found Grant forfeited her right to maintenance and cure benefits for her neck and wrist injuries as a matter of law.

With respect to Grant's back injury, the Court denied Cal Dive's motion for summary judgment because Cal Dive had not carried its burden of demonstrating an absence of disputed issues of material fact regarding the materiality prong of the *McCorpen* defense. As an exhibit to its initial motion for summary judgment, Cal Dive presented the Court with

---

[7] *See* R. Doc. 14 (Grant's counterclaim, describing injuries suffered).

[8] It is undisputed that Grant was in a car accident in February 2007, which resulted in injuries to Grant's neck, wrist, and lower back. *See* R. Doc. 72 at p. 5-6 (describing February 2007 accident and ensuing treatment).

[9] In the September 12 Order the Court also held that Cal Dive was not entitled to summary judgment on the issue of its entitlement to reimbursement for maintenance and cure benefits already paid to Grant, nor was it entitled to summary judgment on the issue of its entitlement to any credit against any judgment awarded to Grant on her counterclaims. Neither Cal Dive nor Grant is asking the Court to reconsider either of these aspects of the September 12 Order.

a copy of a report completed by Dr. Doug Bernard ("Dr. Bernard") after Grant underwent a pre-employment MRI on her lower back.[10] Because Dr. Bernard's report indicated some deterioration in the condition of Grant's back, Grant argued in opposition to Cal Dive's motion for summary judgment that Cal Dive must have noticed the deterioration, and because Cal Dive decided to hire her, she contended those undisclosed back injuries were not material to Cal Dive's hiring decision. Cal Dive argued Dr. Bernard's report was such that the Court could infer that Cal Dive had no reason to investigate further. The Court was not persuaded by Cal Dive's argument. Cal Dive presented no affidavit testimony or documentary evidence to indicate how this MRI affected Cal Dive's hiring decision, if at all. Thus, the Court found summary judgment to be inappropriate on the issue of Cal Dive's entitlement to the *McCorpen* defense for Grant's lower back injury.

## CAL DIVE'S SUPPLEMENTAL MOTION

Cal Dive's supplemental motion for summary judgment asks the Court to re-visit the issue of its maintenance and cure obligation to Grant with respect to her lower back injury. Cal Dive again asserts the three prongs of the *McCorpen* defense are satisfied for that injury as a matter of law. Again, the Court disagrees.

In support of its supplemental motion, Cal Dive attaches the affidavit of Dr. Christopher Cenac ("Dr. Cenac").[11] Dr. Cenac performed an independent medical examination ("IME") of Grant in July 2012.[12] Dr. Cenac examined Grant's medical records,

---

[10] R. Doc. 34-5.

[11] R. Doc. 82, Ex. 1.

[12] *See* R. Doc. 86, Ex. E at pp. 1-4.

3

including the MRI and Dr. Bernard's report.[13] Dr. Cenac opines that, absent any additional information, neither the MRI nor Dr. Bernard's report "would excite further inquiry into whether Ms. Grant was in any way limited in performing work as a cook aboard a vessel."[14]

Cal Dive also attaches the affidavit of Kirk Templet ("Mr. Templet").[15] Mr. Templet is Cal Dive's Director of Human Resources and is responsible for Cal Dive's hiring decisions.[16] Mr. Templet was responsible for reviewing Grant's application.[17] Mr. Templet explains that at the time Grant was hired, it was Cal Dive's policy to conditionally hire employees after an initial screening process, and only to officially hire an employee after he or she is medically cleared to work offshore.[18] The Medical History Questionnaire Form filled out by Grant[19] and the MRI of Grant's lower back were part of this medical clearance process.[20] Mr. Templet states that, in general, if a prospective employer failed to successfully complete any step of the hiring process, Cal Dive may use that failure as a basis for a decision not to hire.[21] Mr. Templet also states that, in Grant's case, he reviewed the MRI and Dr. Bernard's report and approved her to be officially hired, in part because of Dr.

---

[13] *Id.*; *see also* R. Doc. 86, Ex. E at p. 5 (Dr. Cenac's supplemental IME report, prepared after reviewing Grant's MRI and Dr. Bernard's report).

[14] *Id.*

[15] R. Doc. 82, Ex. 2.

[16] *Id.* at ¶ 2.

[17] *Id.*

[18] *Id.* at ¶ 3.

[19] *See* R. Doc. 21-3, Ex. 2.

[20] R. Doc. 82, Ex. 2 at ¶¶ 3-4.

[21] *Id.* ¶ 3.

4

Bernard's report, which said Grant had "no restrictions," and Grant's otherwise "unremarkable" self-reported medical history.[22] Finally, Mr. Templet states that if Grant had indicated on the Medical History Questionnaire Form that she had a history of back trouble, that disclosure would have "materially affected Cal Dive's decision to hire her," and that Grant "would have been sent for further evaluation and testing."[23] Mr. Templet goes on to say that "[b]ased on the results of that testing, a determination on providing reasonable accommodations to allow her to perform the essential functions of her position safely would be made," and that "[i]f no reasonable accommodations can be made, then she would not have been hired."[24] In his deposition, Mr. Templet stated that if Grant had disclosed her injury she "definitely" would have been sent for "additional medical screening."[25] Mr. Templet also stated Cal Dive would have consulted with Grant's treating physician to determine if Grant could be medically cleared to work offshore.[26]

Grant argues Cal Dive would have hired her regardless of whether she disclosed her back injury, and thus Cal Dive is not entitled to the protections of the *McCorpen* defense. In support of this argument, Grant directs the Court's attention to Dr. Cenac's IME report, in which Dr. Cenac stated his opinion that, considering Grant's medical records, she is capable of returning to whatever physical activity she was capable of before the incident at

---

[22] *Id.* at ¶ 4.

[23] *Id.* at ¶ 5.

[24] *Id.*

[25] R. Doc. 87, Ex. G (Templet Dep., 24:1-4, Jan. 28, 2013).

[26] *Id.* at 25:8-21; 27:4-14.

5

issue, including offshore work as a cook.[27] Grant also directs the Court's attention to Dr. Cenac's deposition, in which he stated that Grant was capable of working offshore as a cook prior to the incident,[28] and continues to be capable of working offshore as a cook after the incident.[29] Grant also argues that Mr. Templet's affidavit demonstrates only that if Grant disclosed her injury, she would have been sent for further testing, not that she would not have been hired. Finally, Grant argues it is relevant for *McCorpen* purposes that the incident did not occur until two and a half years after she was hired. She contends that, even if she had been sent for further evaluation and hired anyway, such a delay would not have prevented her from being onboard the vessel at the time of the incident.

## ANALYSIS

### I. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 ; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). If the moving party fails to carry this

---

[27] R. Doc. 86, Ex. E at p. 4.

[28] R. Doc. 86, Ex. F (Cenac Dep., 12:3-6, 13:3-5, Jan. 17, 2013).

[29] *Id*. at 12:11-15.

burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-23.

Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324. The non-moving party cannot simply rely on allegations or blanket denials of the moving party's pleadings as a means of establishing a genuine issue of material fact, but instead must identify specific facts that establish a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). Likewise, an affidavit cannot be used to preclude summary judgment unless its contains competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"). "[A] self-serving affidavit, without more evidence, will not defeat summary judgment." *Sanchez v. Dallas/Fort Worth Int'l Airport Bd.*, 438 F. App'x 343, 346-47 (5th Cir. 2011) (citing *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 & n.49 (5th Cir. 2005)); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996). If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 325.

"An issue is material if its resolution could affect the outcome of the action."

*DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

### II.     Maintenance and Cure and the *McCorpen* Defense

An employer's duty to provide maintenance and cure to a seaman injured in the service of a vessel is "practically absolute." *Johnson v. Cenac Towing, Inc.*, 599 F. Supp. 2d 721, 726 (E.D. La. 2009) (Vance, J.). Consequently, a seaman's burden of proof for a maintenance and cure claim is "slight," and he need only establish that he was injured "while subject to the call of duty as a seaman." *Johnson*, 599 F. Supp. 2d at 725 (citing *Aguilar v. Standard Oil Co. of N.J.*, 318 U.S. 724, 732 (1943); 1 Schoenbaum, Admiralty and Maritime Law, § 6-28; Fifth Circuit Pattern Jury Instructions: Civil § 4.11 (2006 ed.)). At the same time, an employer is entitled to investigate a seaman's claim for maintenance and cure, and rely on certain defenses to deny benefits when appropriate. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005) (en banc). One such defense is the *McCorpen* defense, which precludes a seaman's recovery of maintenance and cure when he intentionally conceals a pre-existing medical condition from his employer. *Brown*, 410

8

F.3d at 171 (citing *McCorpen*, 396 F.2d at 548-50).

To prevail on a *McCorpen* defense, an employer must prove three elements:

>    (1)   the seaman intentionally misrepresented or concealed medical facts;
>
>    (2)   the non-disclosed facts were material to the employer's decision to hire the seaman; and
>
>    (3)   a connection exists between the withheld information and the injury complained of in the lawsuit.

*Brown*, 410 F.3d at 171 (citing *McCorpen*, 396 F.2d at 548-49). Because the employer bears the burden of proving each prong of this affirmative defense at trial, *see Brown*, 410 F.3d at 171-78, the burden on the employer at the summary judgment stage is to demonstrate a lack of disputed issues of material fact with respect to each prong.

**III.   Cal Dive's Supplemental Motion for Summary Judgment**

In the September 12 Order, the Court found the "intentional concealment" prong of the *McCorpen* defense has been met as a matter of law for Grant's back injury.[30] The parties do not argue otherwise, so the Court need not re-visit this issue now. Likewise, there is no question Grant's undisclosed prior back injury and her back injury in this case are causally related. As the Court previously noted, "[a]ll that is required [for the third prong of the *McCorpen* defense] is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage." *Brown*, 410 F.3d at 176. A showing that the previous injury and the new injury occurred in the same location on the body is sufficient. *Id.*; *see also Johnson*, 599 F. Supp. 2d at 728-29 (the causal connection "inquiry is simply whether the new injury is related to the old injury, irrespective of their

---

[30] R. Doc. 72 at p. 13.

9

root causes"). There is no dispute that Grant's previous back injury and the back injury she suffered on the vessel are to the same area of her lower back. Again, the parties do not argue otherwise. The "causal connection" prong has been met as a matter of law for Grant's back injury.

Both parties focus on the "materiality" prong of the *McCorpen* defense with respect to Grant's back injury. As the Court noted in the September 12 Order, with respect to the materiality prong, "[t]he fact that an employer asks a specific medical question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform [her] job duties, renders the information material for the purpose of the *McCorpen* analysis." *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 175 (5th Cir. 2005). In decisions following *Brown*, the Fifth Circuit has also stated that, "[i]f the vessel owner would have employed the seaman even had the requested disclosure been made, concealment will not bar the seaman's recovery of maintenance and cure." *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006); *see also Atl. Sounding Co. v. Petrey*, 402 F. App'x 939, 941-42 (5th Cir. 2010) (whether or not an employer would have employed a seaman regardless of her disclosure of prior injury is relevant to the materiality prong of the *McCorpen* defense). The Fifth Circuit has also indicated that if a potential employee's disclosure of a previous injury would cause the employer to delay the employee's hire, preventing the employee from being on the vessel at the time of the accident, the non-disclosure is material. *See Jauch*, 470 F.3d at 212; *see also Ramirez v. Am. Pollution Control Corp.*, 418 F. App'x 287, 290-91 (5th Cir. 2011). Whether a non-disclosed injury is material for purposes of the *McCorpen* defense is an issue of fact. *See Ruiz v. Plimsoll Marine, Inc.,* 782 F. Supp. 315, 317 (M.D. La. 1992); *Brown v. Cenac Towing, Co.*, No.

10

09–105, 2010 WL 2559079, at *5 (E.D. La. June 24, 2010) (Berrigan, J.).

In Mr. Templet's affidavit, he states that Cal Dive may have hired Grant even if she did disclose her back injuries.[31] Mr. Templet stated that, had Grant disclosed those injuries, her disclosure would have "materially affected Cal Dive's decision to hire her," and that Grant "would have been sent for further evaluation and testing."[32] Mr. Templet also stated that "[b]ased on the results of that testing, a determination on providing reasonable accommodations to allow her to perform the essential functions of her position safely would be made," and that "[i]f no reasonable accommodations can be made, then she would not have been hired."[33] Mr. Templet's affidavit and deposition create a genuine issue of material fact with respect whether Cal Dive would have hired Grant even if she had disclosed her prior back injury. As a result, the Court cannot say, as a matter of law, that Grant's non-disclosure of those back injuries was material for purposes of the *McCorpen* defense. Cal Dive's supplemental motion for summary judgment is denied.

### IV. Grant's Motion to Reconsider

In her motion to reconsider, Grant makes essentially the same arguments she made in opposition to Cal Dive's supplemental motion for summary judgment, but in the context of her neck and wrist injuries. Namely, Grant argues that Dr. Cenac's testimony and report and Mr. Templet's affidavit demonstrate that Cal Dive would have hired Grant regardless of whether she disclosed her prior neck and wrist injuries. Grant further argues that the

---

[31] R. Doc. 82, Ex. 2 at ¶ 5.

[32] *Id*. Mr. Templet also stated in his deposition that if Grant had disclosed her injury she "definitely" would have been sent for "additional medical screening. R. Doc. 87, Ex. G (Templet Dep., 24:1-4, Jan. 28, 2013).

[33] R. Doc. 82, Ex. 2 at ¶ 5.

11

time she spent onboard Cal Dive's vessel prior to the incident shows that, while Cal Dive might have delayed her hire, such a delay would not have prevented her from being on the vessel at the time of the incident. Grant argues it is appropriate for the Court to reconsider its holding in the September 12 Order, because neither Dr. Cenac nor Mr. Templet had provided statements or been deposed at the time of the September 12 Order.

Federal Rule of Civil Procedure 54 provides the mechanism by which the Court may reconsider the September 12 Order. Rule 54 provides, in pertinent part, that:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *does not end the action as to any of the claims or parties and may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b) (emphasis added). Cal Dive's first motion for summary judgment was a motion for partial summary judgment, dealing only with the issue of Cal Dive's maintenance and cure obligation to Grant. The September 12 Order adjudicated fewer than all of Grant's counterclaims against Cal Dive and fewer than all of Cal Dive's declaratory judgment claims against Grant. Likewise, the Court did not designate the September 12 Order as immediately appealable as provided for in Rule 54(b). The September 12 Order is subject to revision at any time before the entry of final judgment.

At the time of the September 12 Order, the Court did not have sufficient evidence demonstrating an issue of material fact with respect to any of the prongs of the *McCorpen* defense. Now, however, Grant has provided the Court with Mr. Templet's affidavit and deposition and Dr. Cenac's affidavit, report, and deposition. This evidence demonstrates the existence of a genuine issue of material fact with respect to whether Cal Dive would have

12

hired Grant even if she had disclosed her prior injuries. Because of this new evidence, the Court cannot say, as a matter of law, that any of Grant's undisclosed prior injuries were material for purposes of the *McCorpen* defense. As a result, summary judgment on the issue of Cal Dive's maintenance and cure obligation to Grant for her neck and wrist injuries is not appropriate. Grant's motion to reconsider is granted, and the September 12 Order is vacated.

## CONCLUSION

**IT IS ORDERED** that Cal Dive's supplemental motion for summary judgment be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that Grant's motion to reconsider the September 12 Order be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that the September 12 Order be and hereby is **VACATED.**

New Orleans, Louisiana, this __15th__ day of March, 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

13